**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BINDU NEUPANE, | No. 10-72263 |
| Petitioner, | Agency No. A098-527-534 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 16, 2014[**]
San Francisco, California

Before: McKEOWN and M. SMITH, Circuit Judges, and SELNA, District
Judge.[***]

Bindu Neupane, a citizen and native of Nepal, petitions for review of the

Board of Immigration Appeals's ("BIA") final order dismissing her appeal from an

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable James V. Selna, District Judge for the U.S. District
Court for the Central District of California, sitting by designation.

immigration judge's ("IJ") denial of her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we deny Neupane's petition for review.

Substantial evidence supports the agency's determination that Neupane did not demonstrate past persecution or a well-founded fear of future persecution on account of a protected ground. *See* 8 U.S.C. § 1101(a)(42)(A); *INS v. Elias-Zacarias*, 502 U.S. 478, 481–84 (1992). Despite any anti-Maoist political opinion Neupane might hold, the record does not compel the conclusion that she was or will be persecuted by the Maoists on account of her political opinion or any other protected ground. Accordingly, Neupane has failed to establish eligibility for asylum. *See Elias-Zacarias*, 502 U.S. at 482–83. Having failed to establish eligibility for asylum, Neupane necessarily fails to meet the more stringent requirements for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Neupane's CAT claim is similarly unavailing because nothing in the record compels the conclusion that she will more likely than not be tortured at the instigation of, or with the acquiescence of, the Nepalese government if returned to Nepal. *See Delgado v. Holder*, 648 F.3d 1095, 1108 (9th Cir. 2011) (en banc).

**PETITION DENIED.**